977 F.2d 575
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA FOR THE USE OF NOVA ENTERPRISES,
INCORPORATED, Plaintiff-Appellant,
v.
RELIANCE INSURANCE COMPANY, Defendant-Appellee.
 No. 92-1374.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 23, 1992
Decided: October 16, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-91-248-JFM)
 Douglas G. Worrall, Smith, Somerville & Case, Baltimore, Maryland, for Appellant.
 Edward G. Gallagher, Whiteford, Taylor & Preston, Washington, D.C., for Appellee.
 D.Md.
 Affirmed.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Nova Enterprises ("Nova") appeals from a district court order granting Reliance Insurance Company's ("Reliance") motion to dismiss Nova's Miller Act suit against Reliance. Nova was a subcontractor for Cirelli General Contractors, Inc. ("Cirelli"), which contracted to build a facility for the United States Coast Guard at Curtis Bay, Maryland. Cirelli obtained a payment bond from Reliance to cover the work as required by the Miller Act. See 40 U.S.C. § 270(a). After Nova completed work on the project, Cirelli allegedly refused payment, and Nova sued Reliance for payment pursuant to the payment bond.
 
 
 2
 The district court found that Nova had waived its right under the Act to sue on the payment bond by virtue of Article XVII of its contract with Cirelli. Article XVII provides, in pertinent part, that Nova "waives and releases ... all claims under any bond, now existing, or that may hereafter arise, for the Work under this Agreement...." Although Nova contends that state law should govern our interpretation of Article XVII, the Miller Act "provides a federal cause of action, and the scope of the remedy as well as the substance of the rights created thereby is a matter of federal not state law." F.D. Rich Co. v. Industrial Lumber Co., 417 U.S. 116, 127 (1974).*
 
 
 3
 This Court and other federal courts of appeal have consistently held that a subcontractor may waive its rights to sue on the prime contractor's payment bond by a clear and explicit provision in the subcontract. See, e.g., United States ex rel. Pembroke Steel Co. v. Phoenix Gen. Constr. Co., 462 F.2d 1098, 1099 (4th Cir. 1972); United States ex rel. Clark-Fontana Paint Co. v. Glassman Constr. Co., 397 F.2d 8, 10 (4th Cir. 1968); United States ex rel. Youngstown Welding & Eng'g Co. v. Travelers Indem. Co., 802 F.2d 1164, 1166 (9th Cir. 1986). Although state law may be consulted under certain circumstances, such as where no federal standards are available, see id. at 1167, no such circumstances are present in this case. We therefore apply the "clear and explicit" test to the waiver provision at issue.
 
 
 4
 Nova contends that the waiver provision is ambiguous because it states that the subcontractor waives "all claims under any bond ... for the work under this Agreement." This provision, Nova argues, is different from a waiver of all claims for payment for the work. Nova contends that it is not suing for "the work" but for payment for the work.
 
 
 5
 We agree with the district court's conclusion that Article XVII is clear and explicit. As noted by the district court, a "claim" is viewed, in its ordinary sense, as a demand for money or other relief. Thus, Article XVII's reference to a "claim" for the work logically encompasses a demand for payment for the work. Moreover, we also agree with the district court's finding that Nova's interpretation of the waiver provision is nonsensical. Cirelli would have no reason to seek a waiver of Nova's right to sue for "the work," but would clearly have a purpose for seeking a waiver of Nova's right to sue for payment for the work.
 
 
 6
 Accordingly, the order of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Reliance argues that Nova did not make the specific argument it raises here to the district court. Nonetheless, Nova's argument concerning the applicability of Maryland law appears to have been considered and rejected by the court below